MADISON COUNTY COURT OF COMMON PLEAS
CIVIL DIVISION
MADISON COUNTY, OHIO

Michael Klenk,                :     CASE NO: CVC 20170104
1140 Mohawk Dr.
Lebanon, OH 45036          :
                                       JUDGE Costello

         Plaintiff,             :

          -vs-                           :                                FILED
                                                              In The Court of Common Pleas
Dhairya Kikani                :                            Madison County, Ohio
4556 Pine Ridge Dr.,
Columbus, Indiana 47201    :                      MAY 16 2017

          And                        :
                                                              Clerk of Courts
Health Net Federal Services, Inc.,   :
d/b/a: TriCare
2025 Aerojet Road
Rancho Cordova, CA 95742      :
Statutory Agent: CT Corporation System
1300 East 9th Street           :
Cleveland, OH 44114

          And                        :

John Doe Insurance Company Number 1   :
Identity and Address Unknown and to be
Determined                        :

          And                        :

John Doe Insurance Company Number 2 :
Identity and Address Unknown and to be
Determined. :

                Defendants :

Now comes the Plaintiff, Michael Klenk (hereinafter "Klenk") and for his Complaint against Defendants hereby states the following as true:

**First Cause of Action:**

1. At all times relevant hereto, Plaintiff Klenk was a resident of Ohio and of Warren County, over the age of 18 years.

2. At all times relevant hereto, Plaintiff Klenk was a member of the United States Air Force assigned to the Air National Guard, 179th Airlift Wing, headquartered in Mansfield, Ohio.

3. At all times relevant hereto, Plaintiff Klenk was also a student enrolled in The Ohio State University system as a full-time student.

4. At all times relevant hereto, Plaintiff Klenk, while on duty, including travel to and from and during such times, for the Air National Guard, was covered by TriCare as the third-party provider of health insurance for the Air Force and Air National Guard, specifically the 179th Airlift Wing.

2

5. On or about Sunday, May 17, 2015, Plaintiff Klenk was on an active duty exercise for the 179th Airlift Wing for which he was required to travel from his residence, attend the exercise/duty, and return to his residence.

6. On or about Sunday, May 17, 2015, at approximately 5:50 p.m. Plaintiff Klenk was operating his motor vehicle southbound on Interstate 71 in Madison County within Pleasant Township, Ohio.

7. On or about Sunday, May 17, 2015, at approximately 5:50 p.m., Defendant Dhairya Kikani (Hereinafter "Kikani"), was operating his motor vehicle, a Toyota Camry, at the same location and direction as Plaintiff Klenk.

8. On or about Sunday, May 17, 2015, at approximately 5:50 p.m., Defendant operated his vehicle in a negligent or reckless manner by unlawfully entering the lane of travel in which Plaintiff Klenk was established without yielding the right of way to Plaintiff Klenk and then operating his car at an unsafe speed moving too slowly.

9. Plaintiff Klenk was unable to adjust his speed and distance to avoid striking Defendant Kikani's vehicle in the rear due to the actions of Defendant Kikani, and both vehicles were involved in a multi-car crash with two other vehicles.

10. Defendant Kikani was cited by the Ohio State Highway Patrol for violating R.C. 4511.22, moving at a slow speed, to which he entered a guilty plea in the Madison

3

County Municipal Court.

11. Defendant Kikani's's actions in abruptly and improperly and unlawfully changing lanes and moving at an unsafe speed were the proximate and direct causes of the accident.

12. At all times relevant hereto, Defendant TriCare was a provider of health insurance under contract, to provide health insurance coverage to members of the Air Force and Air National Guard in Ohio.

13. At all times relevant hereto Defendant, Health Net Federal Services, Inc. (Hereinafter "HFNS") d/b/a/ TriCare was a foreign corporation registered to do business in Ohio and contractually obligated to provide insurance benefits and coverage to Plaintiff Klenk for any medical, vision dental, health and other conditions and events, and other related expenses such as testing, therapy, etc. for injuries sustained while en route to, during, and on the way home from his military training and duty.

14. At all times, relevant hereto Defendant HNFS administered the plan for TriCare North Region, which included Ohio for persons in the military, including Plaintiff Klenk.

15. At all times relevant hereto, it is believed that Defendant John Doe Insurance Company, Number 1, whose identity has yet to be determined, may have been contractually obligated to provide health insurance to Plaintiff Klenk, either through his coverage, coverage under his parent's policy or through the Ohio State University

4

system's health insurance for students.

16. At all times relevant hereto, it is believed that Defendant John Doe Insurance Company Number 2, whose identity has yet to be determined, may have been contractually obligated to provide health insurance to Plaintiff Klenk, either through his coverage, coverage under his parent's policy or through the Ohio State University system's health insurance for students.

17. As a result of the actions of Defendant Kikani, Plaintiff Klenk has suffered and continues to suffer pain, mental anguish, bodily injury, permanent and temporary, including injuries to his back, neck, shoulders, chest, dizziness, nausea, concussions, vision and eye injury, head injury, including migraine-like symptoms, vertigo, and other injuries.

18. As a result of the actions of Defendant Kikani, Plaintiff Klenk has suffered and continues to suffer the loss of his employment and income, including the loss of his job at the time, lost wages and benefits at his current job due to having to miss work from his injuries and will continue to suffer lost wages

19. Because of the actions of Defendant Kikani, Plaintiff Klenk was forced to stop his college education due to inability to attend classes, read and maintain concentration as well as due to the physical injuries from which he was suffering. His education and earnings capacity have been and continue to be effected as a result. Additionally, he will experience increased educational costs due to the inability due to his injuries to enroll in and to complete his chosen course of education including lost scholarship opportunities.

5

20. Because of the actions of Defendant Kikani, Plaintiff Klenk has been unable to perform his functions for the Air Force and Air Guard, has not been able or permitted due to his injuries and symptoms to attend and complete training, cannot fly, and has been subjected to threatened dismissal by medical separation because of his inability to perform his tasks and to be reported as fit for duty.

21. Plaintiff Klenk has sought to become a pilot for the Air Force but his eye and vision issues, vertigo, nausea, headaches, and his other injuries have thus far rendered him unfit for such duties. This has delayed Plaintiff Klenk from completing various requirements to advance, has forced him to go through medical testing, has delayed his advancement in his grade and pay, and has reduced his opportunities within the Air Force. His future has been placed in jeopardy. Plaintiff Klink's plans to remain in the Air Force and then to retire as a pilot and pursue private flying employment have been placed at risk because of the injuries sustained from the actions of Defendant Kikani.

22. As a direct and proximate result of the actions of Defendant Kikani, Defendant has also suffered medical and other related expenses for his injuries suffered from the accident and will continue to incur such expenses for his injuries.

**Second Cause of Action:**

23. Plaintiff incorporates the allegations set forth in his First Cause of Action as if fully rewritten herein.

24. Defendant, HFNS, by contract and pursuant to a program and plan of insurance pursuant to a plan called TriCare, specifically the North Region, was obligated to provide coverage to Plaintiff Klenk for the medical expenses and other related

expenses suffered by him because of the accident on May 17, 2015 when he was returning home from an active duty and/or training assignment with the Air Force/ Air National Guard, regardless of fault.

25. Defendant HNFS was obligated by a contract to provide coverage through TriCare to persons within the Air Force and Air National Guard at all times relevant hereto.

26. Defendant HFNS through its TriCare program has negligently, recklessly, intentionally, willfully, and/or maliciously denied, without an investigation, explanation, or any other justification, such coverage despite repeated requests to cover Plaintiff Klenk's expenses related to his injuries sustained in the accident.

27. As a direct and proximate result of Defendant HNFS's actions, Plaintiff Klenk has incurred outstanding bills, damage to his credit due to collections actions instituted by the providers and has been forced to forego needed treatment and help for his injuries due to the inability to pay for services. Plaintiff Klenk will incur additional expenses for seeking necessary testing and treatment including chiropractic and diagnostic, and physical therapy, and other treatment which should in the past and the present, and future should be covered by Defendant HFNS pursuant to its contractual obligation.

28. Defendant HFNS has breached its contract and a duty owed to Plaintiff and such action constitutes malicious conduct which is continuing in nature and which constitutes intentional, malicious conduct, bad faith, recklessness, negligence, and/or fraud by this Defendant.

**Third Cause of Action:**

29. Plaintiff incorporates the allegations set forth in the First and Second Causes of Action as if fully rewritten herein.

7

30. Defendants John Doe Insurance Companies 1 and 2, as yet unidentified, are believes to have been obligated under contractual terms to provide health insurance coverage and benefits, including financial obligations to pay for his medical, dental, and vision, care and all other health related concerns, treatment, testing, and therapy. Defendants have individually and jointly failed to provide such benefits and to meet their obligations. Such actions are negligent, reckless, careless, Intentional and malicious and constitute Bad Faith and fraud on the part of these two defendants.

**Fourth Cause of Action:**

31. Plaintiff incorporates the allegations set forth in the First, Second, and Third Causes of Action as if fully rewritten herein.

32. As a direct and proximate cause of the actions of Defendant Kikani, Plaintiff Klenk has sustained temporary and permanent injury, suffered pain and suffering and mental anguish, suffered loss of income, diminution in the enjoyment of life, medical and other expenses, a delay and loss of educational opportunity, increased educational expenses, a delay and possible loss of becoming a pilot, a delay in his advancement in the Air Force and Air National Guard and faces the loss of the ability to perform the necessary physical tasks and to maintain the fitness and health associated with the job.

33. As a direct and proximate cause of the actions of Defendant HFNS, Plaintiff Klenk has been unable to seek necessary medical, chiropractic, and diagnostic, and therapeutic services, has incurred damage to his credit, owes outstanding medical and chiropractic bills, therapy and diagnostic testing and has been forced to live with injuries and conditions which have not resolved due to the lack of care for which Plaintiff Klenk should have been eligible.

34. As a direct and proximate cause of the actions of Defendants John Doe Insurance Companies 1 and 2, individually and jointly, Plaintiff Klenk has been unable to seek necessary medical, chiropractic, and diagnostic, and therapeutic services, has incurred damage to his credit, owes outstanding medical and chiropractic bills, therapy and diagnostic testing and has been forced to live with injuries and conditions which have not resolved due to the lack of care for which Plaintiff Klenk should have been eligible.

**THEREFORE,** Plaintiff, having set forth his causes of action, requests judgment in his favor against Defendant Kikani and HNFS, John Doe Insurance Company Number 1, and John Doe Insurance Compony Number 2, for compensatory damages in excess of $25,000, punitive damages, pre-judgment and post-judgment interest, costs, expenses, attorney fees, and all other relief to which he may-be entitled.

Respectfully submitted,

Jim L Hardin (0056247)
Attorney for Plaintiff
4660 Duke Dr., Suite 101
Mason, OH 45040
513-241-1334
513-204-1958 fax
jlhjd@msn.com

9